IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:20-cv-00309-MR

| | |
|---|---|
| BOBBY LAMBERT, ) ) Plaintiff, ) ) vs. ) ) KILOLO KIJAKAZI,[1] Commissioner ) of Social Security, ) ) Defendant. ) ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 12] and the Defendant's Motion for Summary Judgment [Doc. 15].

## I. PROCEDURAL HISTORY

The Plaintiff, Bobby Lambert ("Plaintiff"), filed an application for disability and disability insurance benefits under Title II of the Social Security Act (the "Act"), alleging an onset date of July 1, 2009. [Transcript ("T.") at 27]. The Plaintiff also filed an application for supplemental security income under Title XVI of the Act, also alleging an onset date of July 1, 2009. [Id.].

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021, and is therefore substituted in this action as the named defendant. See Fed. R. Civ. P. 25(d).

The Plaintiff's application was denied initially on January 5, 2017, and upon reconsideration on March 6, 2017. [Id.]. Upon the Plaintiff's request, a hearing was held on December 19, 2018, before an Administrative Law Judge ("ALJ"). [Id.]. On April 4, 2019, the ALJ issued a written decision denying the Plaintiff benefits, finding that the Plaintiff was not disabled within the meaning of the Act since the alleged onset date of July 1, 2009. [Id. at 38-39]. The Appeals Council denied the Plaintiff's request for review on March 19, 2020, thereby making the ALJ's decision the final decision of the Commissioner. [Id. at 1]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird

v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013).

## III. THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental

3

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration Regulations set out a detailed five-step process for reviewing applications for disability. 20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden is on the claimant to make the requisite showing at the first four steps. Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant. Id. (citing 20 C.F.R. § 416.920). If not, the case progresses to step two, where the claimant must show a severe impairment. If the claimant does not show any physical or mental deficiencies, or a combination thereof, which significantly limit the claimant's ability to perform work activities, then no severe impairment is established and the claimant is not disabled. Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P. If so, the

4

claimant is automatically deemed disabled regardless of age, education or work experience. Id. If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC"). The RFC is an administrative assessment of "the most" a claimant can still do on a "regular and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions. SSR 96-8p; 20 C.F.R. §§ 404.1546(c); 404.943(c); 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 634. If the claimant can still perform his or her past work, then the claimant is not disabled. Id. Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner. At step five, the Commissioner must establish that, given the claimant's age, education, work experience, and RFC, the claimant can perform alternative work which exists in substantial numbers in the national economy. Id.; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the Commissioner succeeds

5

in shouldering this burden at step five, the claimant is not disabled and the application for benefits must be denied. Id. Otherwise, the claimant is entitled to benefits. In this case, the ALJ rendered a determination adverse to the Plaintiff at the fifth step.

## IV. THE ALJ'S DECISION

At step one, the ALJ found that the Plaintiff has not engaged in substantial gainful activity since July 1, 2009, the alleged onset date, and that the Plaintiff meets the insured status requirements through December 31, 2013. [T. at 29]. At step two, the ALJ found that the Plaintiff has severe impairments, including: degenerative disc disease lumbar spine, status post laminectomy and fusion surgery, Hepatitis C, learning disorder, anxiety, and a history of substance abuse. [Id.]. At step three, the ALJ determined that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals the Listings. [Id. at 30]. The ALJ then determined that the Plaintiff, notwithstanding her impairments, has the RFC:

> [T]o perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he is limited to frequent reaching, handling, feeling and fingering bilaterally. He must avoid concentrated exposure to hazards. He is limited to simple routine repetitive tasks of unskilled work and, he is able to stay on task for two hours at a time. He is limited to no complex decision-making, no crisis situations, and no constant changes in routine. In addition, he is limited

> to no more than occasional interaction with co-workers, supervisors and the public.

[Id. at 32].

At step four, the ALJ identified the Plaintiff's past relevant work as a truck driver and material handler. [Id. at 37]. The ALJ observed, however, that the Plaintiff is "unable to perform any past relevant work." [Id.]. At step five, based upon the testimony of the vocational expert ("VE"), the ALJ concluded that, considering the Plaintiff's age, education, work experience, and RFC, the Plaintiff is capable of performing other jobs that exist in significant numbers in the national economy, including: small parts assembler, laundry folder, and inspector/hand packager. [Id. at 37-38]. The ALJ therefore concluded that the Plaintiff was not disabled from July 1, 2009, the alleged onset date, through April 4, 2019, the date of the ALJ's decision. [Id. at 38-39].

## V.  DISCUSSION[2]

As one of his assignments of error, the Plaintiff argues that the ALJ failed to resolve a conflict between his factual findings at step 3 and the occupations he found that the Plaintiff could perform at step 5. [Doc. 13 at 3-

---

[2] Rather than set forth a separate summary of the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

4]. The Defendant, on the other hand, argues that there is no conflict. [Doc. 16 at 5].

In discussing the formulation of the RFC, the ALJ made a specific finding that:

> With regard to the claimant's mental impairments, the undersigned finds that he would be unable to sustain detailed or complex tasks.

[T. at 36]. However, despite this finding, the ALJ did not include any limitation in the Plaintiff's RFC that would account for his inability to sustain detailed tasks. [Id. at 32]. The RFC limits the Plaintiff only to "simple routine repetitive tasks of unskilled work." [Id.]. Limiting the Plaintiff to "simple routine repetitive tasks," however, does not account for inability to perform detailed tasks. See Lawrence v. Saul, 941 F.3d 140, 143 (4th Cir. 2019).

This discrepancy between the ALJ's findings and his statement of his RFC determination is not a harmless error. In questioning the VE at the hearing, the ALJ included this RFC in his hypothetical to the VE in order to determine if there were any jobs that the Plaintiff could perform in the national economy.[3] [Id. at 79]. The VE testified that the Plaintiff could perform the jobs

---

[3] The ALJ asked the VE whether work is available for a person with the's age, education, work experience, physical limitations, and the following additional limitations: "simple, routine, repetitive tasks of unskilled work; no complex decision-making; no crisis situation; no constant change in routine; occasional interaction with the public; occasional interaction with supervisors and coworkers; and can stay on task for two hours at a time." [T. at 79].

of "small parts assembler," "laundry folder," and "inspector/hand packager," all of which have a GED reasoning level of 2. [Id. at 38]; see also Dictionary of Occupational Titles ("DOT"), 706.684-022, 369.687-018, 559.687-074. A GED reasoning level of 2, however, requires the ability to "carry out *detailed* but uninvolved written or oral instructions." DOT, Appendix C: Components of the Definition Trailer, Section III. General Educational Development (GED), 1991 WL 688702 (emphasis added).

The ALJ failed to include his additional finding that the Plaintiff would be unable to sustain detailed tasks in the hypothetical posed to the VE, so the VE did not even offer testimony regarding this additional limitation. An RFC incorporating all of the limitations found by the ALJ—including the Plaintiff's inability to sustain detailed tasks—would seem to eliminate all of the jobs suggested by the VE.[4] The ALJ does not explain how he reached his step 5 conclusions despite his step 3 findings. A "reviewing court cannot be left to guess as to how the ALJ arrived at his conclusions." Mills, 2017 WL 957542, at *4. As such, this matter must be remanded because the ALJ failed to "build an accurate and logical bridge from the evidence to his conclusion." Monroe, 826 F.3d at 189.

---

[4] While the Fourth Circuit has not held that tasks and instructions are *always* synonymous, in Lawrence, the court noted that "in some instances, 'tasks' and 'instructions' may, in fact, be synonymous." 941 F.3d at 143 n.7.

9

## VI. CONCLUSION

Because this Court lacks an adequate record of the basis for the ALJ's decision, it cannot conduct a meaningful review of that ruling. See Radford, 734 F.3d at 295. On remand, the ALJ's decision should include a narrative discussion of the evidence, explaining how he reconciled that evidence to his conclusions. In light of this decision, the Plaintiff's other assignments of error need not be addressed at this time but may be addressed on remand.

### O R D E R

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Summary Judgment [Doc. 15] is **DENIED**, and the Plaintiff's Motion for Summary Judgment [Doc. 12] is **GRANTED**. Pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED** and this case is hereby **REMANDED** for further administrative proceedings consistent with this opinion.

A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.** Signed: September 22, 2022

Martin Reidinger
Chief United States District Judge